UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANDRE THOMAS,

    Plaintiff,

v.

K & D FRAMING AND DRYWALL CORP,
A Florida Corporation,

    Defendant.
_____/

**COMPLAINT, DEMAND FOR JURY TRIAL, DECLARATORY AND INJUNCTIVE RELIEF REQUESTED**

Plaintiff, ANDRE THOMAS ("Mr. Thomas" or "Plaintiff"), by and through undersigned counsel, file this Complaint against Defendant, K&D FRAMING & DRYWALL CORP, ("Defendant"), a Florida corporation, and states as follows:

**NATURE OF THE SUIT**

1. This action is brought under the Fair Labor Standards Act ("FLSA"), Florida's Private Whistleblower Act ("FWA"), to recover from recover from Defendant minimum wages and an additional equal amount as liquidated damages, overtime compensation and an additional equal amount as liquidated damages, lost wages, benefits, compensatory damages, including front pay and

back pay damages, declaratory and injunctive relief, reasonable attorneys' fees and costs, and any other damages permitted by law.

## PARTIES, JURISDICTION AND VENUE

2.  Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid minimum wages, overtime wages, an additional equal amount as liquidated damages, contractual damages, obtain declaratory relief, and reasonable attorney's fees and costs.

3.  This Court also has supplemental jurisdiction over Plaintiff's FWA claims as they arise from the same operative facts and circumstances as his FLSA claims.

4.  Venue is proper as Plaintiff worked for Defendant in Duval County, Florida, Defendant operates its business in Duval County, Florida, and the actions giving rise to these claims arose in Duval County, Florida.

5.  Mr. Thomas is an adult individual who performed services on an hourly basis as an employee for Defendant's company in Duval County, Florida.

## FLSA COVERAGE

6.  At all times relevant, Defendant was a covered enterprise covered by the FLSA and as defined by 29 U.S.C.§§ 203(r) and 203(s).

7. At all times material hereto, Defendant was, and continues to be an "enterprise engaged in commerce" or in the production of goods for commerce within the meaning of § 3 (s)(1) of the Act, in that, said enterprise has employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

8. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as building materials, construction tools, but which had come to rest within Duval County, Florida.

9. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant, in that Defendant could not operate its business without Laborers such as Plaintiff.

10. At all times material hereto, Defendant employed ten (10) or more persons.

11. At all times material hereto, Defendant was, and still is considered an "employer" within the meaning of the FWA.

## FACTUAL ALLEGATIONS

12. Plaintiff worked as a non-exempt Laborer for Defendant from May 11, 2020, until his termination on June 26, 2020.

13. Plaintiff performed non-exempt duties for Defendant and was therefore entitled to be compensated for overtime work.

14. Throughout Plaintiff's employment, he regularly worked in excess of forty (40) hours per week but was not paid time-and-a-half for all hours worked per week in excess of forty (40), and/or paid at all.

15. Plaintiff had no authority to hire or fire employees of Defendant.

16. Plaintiff had no authority to discipline employees of Defendant.

17. Plaintiff had no authority to determine the schedules to be worked by any employees of Defendant, or to change their schedules.

18. Plaintiff had no authority to set rates of pay for other employees or agents of Defendant.

19. Plaintiff had no input into performance reviews of other employees or agents of Defendant.

20. Plaintiff was always closely monitored by Defendant's managers and supervisors.

21. Plaintiff followed procedures established by Defendant and did exactly as he was instructed to do.

22. Throughout Plaintiff's employment, Defendant regularly required Plaintiff to work in excess of forty (40) hours per week.

23. Plaintiff regularly worked fifty (50) or more hours per workweek for Defendant.

24. At all times relevant, Defendant failed to keep and maintain accurate records of all hours worked by Plaintiff.

25. Defendant failed to pay Plaintiff full and proper overtime compensation for all hours worked over forty (40) per week during the relevant limitations period.

26. Additionally, Defendant failed to pay Mr. Thomas **at all** for three (3) out of the seven (7) weeks of his employment.

27. Defendant's failure to properly pay Mr. Thomas for all his standard and overtime hours worked is a violation of the FLSA.

28. In addition to not being paid his overtime wages for hours worked over forty (40) per week, Mr. Thomas was not paid the required minimum wage for all hours worked, based on Defendant's refusal to pay Mr. Thomas at all.

29. As a result, just prior to his termination, Mr. Thomas objected to Defendant's Managers, including but not limited to, Franc Lucas, Rick, Franco, and Aldin, and requested to be paid properly and in full for the hours worked, including overtime.

30. These objections are considered protected activity under the FLSA and FWA.

31. Based on the lack of appropriate response to Mr. Thomas' objections to Defendant's FLSA violations, Mr. Thomas escalated his objections and called Defendant's corporate representative and levied his aforementioned objections.

32. In response, Mr. Thomas was informed he was "nowhere on the payroll."

33. After learning this news, Mr. Thomas objected once more to his Managers and inquired into the wages he is owed.

34. Shortly thereafter, on June 26, 2020, Defendant terminated Mr. Thomas.

35. Defendant terminated Plaintiff's employment because Plaintiff objected to Defendant's non-payment and/or underpayment of an overtime premium under the FLSA, failure to pay minimum wage, and unlawful pay practices.

36. There is an extremely close temporal proximity/nexus between Plaintiff asserting/renewing his objections to Defendant's illegal pay practices, and his termination shortly thereafter.

37. Plaintiff has been damaged as a result of Defendant's retaliation and termination of their employment.

38. As a result of Defendant's unlawful and retaliatory termination of their employment, Plaintiff has suffered severe emotional distress.

39. Plaintiff should have been compensated at the rate of one and one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA, throughout his employment.

40. Defendant violated Title 29 U.S.C. §207 in that:

   (a) Plaintiff worked in excess of forty (40) hours in one or more workweeks for their period of employment with Defendant;

   (b) No payments or provisions for payment, or insufficient payments or provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

   (c) Defendant failed to maintain proper time records as mandated by the FLSA.

41. Prior to violating the FLSA, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

42. Prior to violating the FLSA, Defendant did not consult with the DOL to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

43. Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

44. Based on the allegations in Paragraphs 41-43, above, Plaintiff is entitled to liquidated damages, as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

45. As to the FWA claims, Plaintiff's objections were considered protected activity pursuant to Fla. Stat. § 448.102(3), and qualified Mr. Thomas as a whistleblower under the law.

46. Plaintiff was terminated in direct retaliation for reporting and objecting to Defendant's unlawful actions, or what he reasonably believed to be unlawful actions, in violation of Section 448.102 (3), Florida Statutes. *See Aery v. Wallace Lincoln-Mercury, LLC,* 118 So. 3d 904, 916 (Fla. 4th DCA 2013).

47. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent them in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF MINIMUM WAGE UNDER FLSA 29 U.S.C §206

48. Plaintiff reincorporate and readopt all allegations contained within Paragraphs 1, 2, 4-11, 13-18, 20-42, 45-51, 54, and 55 above.

49. Plaintiff was entitled to be paid the applicable federal minimum wage for each hour Plaintiff worked for Defendant.

50. Defendant failed to pay Plaintiff the federal minimum wage for each week Plaintiff worked for Defendant.

51. As a result of Defendant's actions in this regard, Plaintiff was not paid the federal minimum wage for each hour worked during one or more weeks of employment with Defendant.

52. Defendant willfully failed to pay Plaintiff the federal minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

53. As a direct and proximate result of Defendant's deliberate nonpayment of wages, Plaintiff has been damaged in the loss of minimum wages during his employment with Defendant.

54. Prior to the filing of this lawsuit, Defendant did not consult with a lawyer to determine whether its pay practices were in violation of the FLSA.

55. Prior to the filing of this lawsuit, Defendant did not consult with an accountant to determine whether its pay practices were in violation of the FLSA.

56. Prior to the filing of this lawsuit, Defendant did not consult with the DOL to determine whether its pay practices were in violation of the FLSA.

**WHEREFORE**, Plaintiff request this Court to enter a judgment against Defendant for damages and prejudgment interest, together with costs of suit and reasonable attorneys' fees, and such other and further relief as this Court may deem just and proper.

## COUNT II
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

57. Plaintiff reallege and incorporate all allegations contained within Paragraphs 1, 2, 4-11, 13-18, 20-42, 45-51, 54, and 55 above of the Complaint, as if fully set forth herein.

58. Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

59. Plaintiff was entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

60. Plaintiff was not an exempt employee as defined by the FLSA.

61. At all times material hereto, Defendant failed to maintain proper time records as mandated by the FLSA.

62. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

63. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE,** Plaintiff respectfully request that judgment be entered in his favor against Defendant, and that this Court declare, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the minimum wage provisions of the FLSA, award Plaintiff minimum wages for all hours worked, award Plaintiff liquidated damages in an amount equal to the minimum wage award, award Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b), and award Plaintiff pre-judgment interest; and ordering any other further relief the Court deems just and proper.

## COUNT III
## UNLAWFUL RETALIATION IN VIOLATION OF 29 U.S.C. § 215(a)(3)

64. Plaintiff reincorporate and re-allege Paragraphs 1, 2, 3-11, 13-18, 20-51, and 55 of the Complaint as though set forth fully herein.

65. Plaintiff objected to Defendant's illegal pay practices to which he were subjected to by Defendant, and asserted violations of the FLSA.

66. Shortly thereafter, Defendant illegally terminated Plaintiff from his employment in violation of 29 U.S.C. § 215(a)(3).

67. Plaintiff was terminated for no other reason than his objections to Defendant's illegal pay practices.

68. As a result of Defendant's intentional, willful, and unlawful actions, Plaintiff has suffered damages, including but not limited to lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering, and other monetary and non-monetary losses.

69. The retaliatory firing provision of the FLSA states that "it shall be unlawful for any person ... to discharge or in any other manner discriminate against an employee because such employee has filed any complaint ... under or related to this [Act]." 29 U.S.C. § 215(a)(3).

70. In EEOC v. White and Son Enterprises, 881 F.2d 1006, 1011 (11th Cir. 1989), the Court held that "Congress sought to secure compliance with the substantive provisions of the labor statute by having 'employees seeking to vindicate rights claimed to have been denied,' and lodge complaints or supply information to officials regarding allegedly substandard employment practices and conditions. The anti-retaliation provision of the FLSA was designed to prevent fear of economic retaliation by an employer against an employee who

chose to voice such a grievance." (citing to Mitchell v. Robert DeMario Jewelry, Inc., 361 U.S. 288, 292 (1960)).

**WHEREFORE**, Plaintiff requests that this Court enter a judgment in his favor and against Defendant for his actual and compensatory damages, including front pay and back pay and emotional distress damages, for liquidated damages, as well as for his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT IV
## UNLAWFUL RETALIATION UNDER
## FLORIDA'S PRIVATE WHISTLEBLOWER ACT

71. Plaintiffs reallege and incorporate all allegations contained within Paragraphs 1-55 of the Complaint as if fully set forth herein.

72. On June 26, 2020, Defendant terminated Plaintiff from his employment in violation of Section 448.102(3), Florida Statutes.

73. Plaintiff was retaliated and terminated in violation of Section 448.102(3), Florida Statutes, for objecting to illegal activity, or what he reasonably believed to be illegal activity, being conducted by Defendant.

74. Plaintiff objected to this violation of a law, rule, or regulation or what he reasonably believed to be a violation of this law, rule, and regulation, and was fired as a direct result of same, which constitutes a violation of the FWA.

75. As a result of Defendant's intentional, willful and unlawful actions, Plaintiff has suffered damages, including, but not limited to, lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering and other monetary and non-monetary losses.

**WHEREFORE**, Plaintiff request a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, and emotional distress damages, as well as his costs and attorneys' fees, declaratory and injunctive relief and such other relief deemed proper by this Court.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as a matter of right by jury.

DATED this May 11, 2022.

Respectfully Submitted,

 **/s/ Noah E. Storch**
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A
10368 W. State Road. 84, Ste. 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
Email:
noah@floridaovertimelawyer.com
*Attorneys for Plaintiff*