UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANDRE THOMAS,

    Plaintiff,

v.                             Case No. 3:22-cv-522-MMH-MCR

K&D FRAMING AND DRYWALL
CORP., a Florida Corporation,

    Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Renewed Motion for Default Final Judgment Against Defendant K&D Framing and Drywall Corp. ("Amended Motion") (Doc. 26). For the reasons stated herein, it is respectfully **RECOMMENDED** that the Amended Motion be **GRANTED as stated herein.**

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

## I.     Background

On May 11, 2022, Plaintiff, Andre Thomas, commenced this action against Defendant, K&D Framing and Drywall Corp. ("K&D"), by filing a Complaint in this Court pursuant to the Fair Labor Standards Act,  29 U.S.C. §§ 201, *et seq.* ("FLSA") and Florida's Private Whistleblower Act, Fla. Stat. § 448.102(3) ("FWA").  (Doc. 1.)  On May 13, 2022, the Court entered the FLSA Scheduling Order.  (Doc. 4.)

The Complaint alleged that between May 11, 2020 and June 26, 2020, Plaintiff worked for K&D as a non-exempt laborer, and that throughout his employment, he regularly worked in excess of forty (40) hours per week, but was not paid the requisite time-and-a-half.  (Doc. 1 at 3, 4.)  The Complaint further alleged that K&D failed to pay Plaintiff for three out of the seven weeks of his employment.  (*Id.* at 4.)  Additionally, Plaintiff alleged that he "objected to Defendant's Managers" by requesting to be paid in full for the hours he worked.  (*Id.* at 5.)  The Complaint further stated that after Plaintiff made objections to K&D's corporate representative, his employment was terminated on June 26, 2020.  (*Id.* at 6.)

On May 19, 2022, the Complaint was served on Defendant via its registered agent, TaxSmart Accounting Services, LLC.  (Doc. 5.)  On August 23, 2022, the Court entered an Order to Show Cause, directing Plaintiff to explain why his case should not be dismissed for failure to prosecute.  (Doc.

2

8.) On September 6, 2022, Plaintiff filed his Amended Motion for Clerk's Default against Defendant, and his Response to the Court's Order to Show Cause. (Docs. 11, 12.) Satisfied with Plaintiff's Response, the Court entered an Order discharging the Order to Show Cause, and the Clerk of Court entered a default against K&D. (*See* Docs. 13, 14.) On November 2, 2022, Plaintiff filed a motion seeking a final default judgment against Defendant in the amount of $7,343.00 for damages and $472.23 for costs incurred. (Doc. 19.)

The Court denied Plaintiff's original motion for default judgment, because Plaintiff's original Complaint failed to state a claim under the FLSA. (Doc. 21.) Specifically, Plaintiff failed to properly allege enterprise or individual coverage. (*Id.* at 6-9.) Consequently, the Court ordered Plaintiff to file an amended complaint. (*Id.* at 10.) Plaintiff then filed his Amended Complaint on March 13, 2023, and on May 1, 2023, the Amended Complaint was served on Defendant via its registered agent. (Docs. 22, 25.) In his Amended Complaint, Plaintiff remedied the pleading issues. (*Id.* at 2-3.) Plaintiff subsequently filed the present Amended Motion for Default Judgment on May 23, 2023. (Doc. 26.) On that same day, the Amended Motion was served on Defendant's registered agent. (*Id.*) To date, no response to the Amended Motion has been filed and the time for filing a response has passed.

3

## II. Standard

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for obtaining a default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the clerk of court is authorized to enter a clerk's default against the defendant. *See* Fed.R.Civ.P. 55(a). Second, after receiving the clerk's default, the plaintiff must apply to the court for a default judgment, except in limited circumstances when application may be made to the clerk. *See* Fed.R.Civ.P. 55(b). A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue." *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986).

All well-pleaded allegations of fact are deemed admitted upon entry of default, but before entering a default judgment, the court must ensure that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted. *See Nishimatsu Costr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see also GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs., Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002). A sufficient basis must exist in the pleadings for the judgment entered. *See Nishimatsu*, 515 F.2d at 1206. A defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *See id.*; *see also Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)

(stating that "facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment").

Rule 8 provides that a complaint must include (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for relief. *See* Fed. R. Civ. P. 8(a). A complaint meets the requirements of Rule 8, if in light of the nature of the action, the complaint provides factual allegations, which are assumed to be true, sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'").

Further, "the party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (per curiam).

> Subject matter jurisdiction in a federal court may be based upon federal question jurisdiction or diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction exists where the plaintiffs and defendants are citizens of different states, and the amount in controversy exceeds $75,000. . . . Absent diversity of citizenship,

5

a plaintiff must present a substantial federal question in order to invoke the district court's jurisdiction.

*Walker v. Sun Trust Bank of Thomasville, GA*, 363 F. App'x 11, 15 (11th Cir. 2010) (per curiam) (internal quotation marks omitted).

The Court must also ensure that the defaulting defendant was properly served. "It is axiomatic that absent good service, the Court has no *in personam* or personal jurisdiction over a defendant." *Tacoronte v. Tate & Kirlin Assocs.*, No. 6:13-cv-331-Orl-37DAB, 2013 WL 5970720, *4 (M.D. Fla. Nov. 8, 2013) (adopting Aug. 6, 2013 report and recommendation) (internal citations omitted). "Without personal service of process in accordance with applicable law, a federal court is without jurisdiction to render a personal judgment against a defendant." *Id.* (citing *Royal Lace Paper Works, Inc. v. Pest-Guard Prods., Inc.*, 240 F.2d 814, 816 (5th Cir. 1957)[2]).

### III. Discussion

#### A. Minimum Wage and Overtime Compensation Liability under the FLSA (Counts I & II)

The FLSA establishes minimum wage standards for employees who are "engaged in commerce or in the production of goods for commerce" or "employed in an enterprise engaged in commerce or in the production of

---

[2] All Fifth Circuit decisions entered before October 1, 1981 were adopted by the Eleventh Circuit as binding precedent. *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

6

goods for commerce." 29 U.S.C. §§ 206(b), 207(b). "To trigger liability under the FLSA's minimum wage provisions, . . . plaintiff must show: (1) an employee-employer relationship exists between [him and defendants], and (2) he is 'covered' by the FLSA.'" *Cabreja v. SC Maint., Inc.*, No. 8:19-cv-296-T-33CPT, 2019 WL 2931469, at *3 (M.D. Fla. June 19, 2019) (citing *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011)) (report and recommendation adopted, 2019 WL 2929325 (M.D. Fla. July 8, 2019)). To state a claim for failure to pay minimum (or overtime) wages under the FLSA, a plaintiff must demonstrate that (1) he is employed by defendant, (2) defendant engaged in interstate commerce, and (3) defendant failed to pay his minimum wages. *Freeman v. Key Largo Volunteer Fire & Rescue Dep't, Inc.*, 494 F. App'x 940, 942 (11th Cir. 2012) (citing *Morgan v. Fam. Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008)).

The federal minimum wage is $7.25 per hour. *See* 29 U.S.C. § 206(a)(1)(c). Any employer who violates the FLSA's minimum wage provision is "liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

Plaintiff's allegations sufficiently demonstrate an employee-employer relationship between himself and Defendant. Plaintiff alleges he was

7

employed by Defendant as a non-exempt laborer from May 11, 2020 to June 26, 2020.  (Doc. 22 at ¶ 13.)

With respect to the coverage element, "a plaintiff employee must establish one of two types of coverage under the FLSA: (1) 'enterprise coverage,' which applies to the defendant employer, or (2) 'individual coverage,' which applies to the plaintiff employee.'" *Gaviria v. Maldonado Bros., Inc.*, No. 13-60321-CIV-ROSENBAUM/HUNT, 2014 WL 12531281, at *3 (S.D. Fla. Mar. 31, 2014) (citing *Martinez v. Palace*, 414 F. App'x 243, 244-45 (11th Cir. 2011) and *Thorne v. All Restoration Servs.*, 448 F.3d 1264, 1265-66 (11th Cir. 2006)).  "An employer falls within the FLSA's enterprise coverage if it meets two requirements: (1) it 'has employees engaged in commerce or in the production of goods for commerce, or . . . has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person' and (2) has an 'annual gross volume of sales made or done,'" which is in excess of $500,000.  *Id.* (quoting 29 U.S.C. § 203(s)(1)(A)).

In the Amended Complaint, Plaintiff adequately alleges that the corporate Defendant meets enterprise coverage because it had annual gross revenue of $500,000 or more and was engaged in interstate commerce within the meaning of the FLSA, since it had more than two employees that handled, sold, or otherwise worked on goods or materials that were moved in

8

or produced for commerce, such as building materials and construction tools used to install framing and drywall. (Doc. 22 at ¶¶ 6-12.) Accepting these allegations as true, the undersigned finds Plaintiff has sufficiently demonstrated enterprise coverage. *See Ferrer v. Atlas Piles, LLC*, 586 F. Supp. 3d 1286, 1299 (S.D. Fla. 2022) (finding that plaintiff established enterprise coverage by alleging a construction company had two or more employees who handled materials that previously traveled in interstate commerce); *see also Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1378 (S.D. Fla. 2012) ("[T]o properly allege . . . enterprise coverage, [the plaintiff] need not do much. Aside from stating the nature of his work and the nature of his employer's business, he must provide only straightforward allegations connecting that work to interstate commerce.") (collecting cases).[3]

Furthermore, to support his FLSA minimum wage claim, Plaintiff alleges that Defendant failed to pay his minimum wages. (Doc. 22 at ¶¶ 27-29.) Specifically, Plaintiff alleges Defendant failed to pay Plaintiff for three out of the seven weeks of his employment. (*Id.*) Additionally, Plaintiff states

---

[3] *Ceant* cited the following cases: *Gonzalez v. Unidad of Miami Beach, Inc.*, No. 11-20649-CIV, 2011 WL 2983671, at *2 (S.D. Fla. July 22, 2011); *Schlinsky v. Action Video Prods., Inc.*, No. 09-CIV-61779, 2010 WL 227910, at *2 (S.D. Fla. Jan. 13, 2010); and *Roberts v. Caballero & Castellanos, PL*, No. 09-23131-CIV, 2010 WL 114001, at *3 (S.D. Fla. Jan. 11, 2010).

9

that Defendant failed to provide any overtime wages during his seven weeks of employment. (*Id.* at ¶¶ 23-29.) To support his overtime claim, Plaintiff asserts that he was routinely required to work in excess of forty (40) hours a week. (*Id.* at ¶ 23.) In fact, Plaintiff alleges he regularly worked fifty (50) hours a week and that Defendant failed to pay him for his overtime work. (*Id.* at ¶ ¶ 24, 26.)

Accepting these allegations as true, Plaintiff has sufficiently alleged that Defendant failed to pay him minimum wages and overtime compensation due under the FLSA. Accordingly, the undersigned recommends that the Amended Complaint adequately alleges K&D's liability in Counts I and II.

> **B. Defendant's Liability on the FLSA Retaliation Claim (Count III) and FWA Claim (Count IV)**

In Count III of the Amended Complaint, Plaintiff alleges that he objected to the illegal practices that Defendant subjected him to. In laying out the factual scenario, Plaintiff states that he made objections to managers of the corporate Defendant and requested to be paid properly. (Doc. 22 at ¶ 30.) When he did not receive an appropriate response from the managers, Plaintiff opted to escalate his complaints to Defendant's corporate representative. (*Id.* at ¶ 32.) In response, "[Plaintiff] was informed that he was 'nowhere on the payroll.'" (*Id.* at ¶ 33.) Thereafter, Plaintiff again

objected to the managers and inquired about the wages he was owed and, as a result of his objections to the managers and the corporate representative, he was terminated. (*Id.* at ¶ 34.) More specifically, Plaintiff alleges that "Defendant terminated Plaintiff's employment because Plaintiff objected to Defendant's non-payment and/or underpayment of an overtime premium under the FLSA, failure to pay minimum wage, and unlawful pay practices." (*Id.* at ¶ 36.)

It is "unlawful for any person . . . to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter . . . ." 29 U.S.C. § 215(a)(3). A plaintiff establishes a *prima facie* case of FLSA retaliation by establishing three elements: "(1) [he] engaged in activity protected under [the] act; (2) [he] subsequently suffered adverse action by the employer; and (3) a causal connection existed between the employee's activity and the adverse action." *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342–43 (11th Cir. 2000) (citation omitted).

By its default, K&D has admitted that Plaintiff complained to its managers and corporate representative about the corporation's failure to compensate him for overtime hours worked and minimum wages due on at least two separate occasions, and that after his last complaint, Defendant terminated Plaintiff's employment based upon pretext, failing to pay him for

his regular and overtime wages due. (Doc. 22 at ¶¶ 32-36, 65-71.) Based on these well pleaded allegations, a default judgment on the FLSA retaliation claim is proper. *See, e.g., Payne v. Sec. & Crime Prevention Serv., Inc.*, No. 12-22032, 2013 WL 5446466, at *4 (S.D. Fla. Sept. 30, 2013) (finding a default judgment on the FLSA retaliation claim to be proper where the plaintiff made oral complaints to the defendants regarding unpaid wages and, as a result, was immediately taken off the work schedule without a legitimate reason and no longer allowed to work).

As with his FLSA retaliation claim, Plaintiff alleges that he made several oral complaints to Defendant regarding unpaid minimum wages and overtime, and that as a result of his complaints, he was subsequently terminated. (Doc. 22 at ¶¶ 72-76.) These allegations are sufficient to state a retaliation claim under the FMWA. *See, e.g., Echevarria v. Marcvan Restaurants, Inc.*, No. 8:12-cv-2919-T-24, 2013 WL 1881313, at *2 (M.D. Fla. May 3, 2013) (holding that plaintiff stated a retaliation claim when she "complained to Defendant that she was not paid the state minimum wage under the FMWA, she was terminated by Defendant, and her termination was caused by her complaint about the alleged FMWA violation"). Accordingly, Plaintiff is entitled to a default judgment against Defendant as to Counts III and IV.

### C. Damages on the FLSA Claims

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations related to damages are not deemed admitted and the Court must determine the amount and character of damages to be awarded." *Glanzrock v. Patriot Roofing Indus., Inc.*, No. 8:07-cv-535-T-33MAP, 2009 WL 179634, at *2 (M.D. Fla. Jan. 26, 2009) (citing *Miller, Inc.*, 75 F. Supp. 2d at 1346). "[D]amages may be awarded to a non-defaulting party as part of the default judgment only where 'the record adequately reflects the basis for the award.'" *United States ex rel. Chabot v. D&G Disc. Homes, LLC*, No. 6:06-cv-1536-Orl-35KRS, 2011 WL 13202177, at *2 (M.D. Fla. June 16, 2011) (quoting *Adolph Coors*, 777 F.2d at 1544).

### 1. Unpaid Minimum Wages and Overtime Compensation

Pursuant to the FLSA, an employer who violates the minimum wage or overtime provisions shall be liable to the employee affected in the amount of the employee's unpaid minimum wages and unpaid overtime compensation, and an additional equal amount as liquidated damages. 29 U.S.C. § 216(b). Here, by virtue of the default, Defendant has failed to present any evidence of a good faith failure to pay Plaintiff's alleged overtime or minimum wages. Where, as here, the employer allegedly failed to keep time records (Doc. 22. at ¶¶ 25, 41, 62), the plaintiff carries his burden by proving that he performed work for which he was inadequately compensated and producing evidence to

13

show the amount and extent of that work as a matter of just and reasonable inference. *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1315 (11th Cir. 2013) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687–88 (1946)). Such evidence may take the form of plaintiff's affidavit or declaration. *Swisher v. Finishing Line, Inc.*, No. 6:07-cv-1542-Orl-28GJK, 2008 WL 4330318, at *2 (M.D. Fla. Sept. 22, 2008) (citing Fed. R. Civ. P. 55(b)); *see Adolph Coors*, 777 F.2d at 1544 (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)).

Plaintiff's declaration states that his unpaid minimum wages amount to $1,284.00, but this amount is calculated based on the Florida minimum wage ($8.56 per hour) and also factors in thirty (30) additional hours of overtime work for the three weeks worked (10 overtime hours per week x 3 weeks). (Doc. 26-1 at ¶ 8.) Plaintiff asks the Court to adopt his calculation of the unpaid minimum wages, which is as follows: $8.56 per hour x 50 hours per week = $428.00 x 3 weeks = $1,284.00. (*Id.*)

Although Plaintiff's declaration sufficiently establishes the hours worked, his calculation is flawed for the following reasons. First, Plaintiff factors in thirty (30) overtime hours in his minimum wage calculation, which is improper because the overtime damages are awarded separately under Count II. *See Lozano v. Datereybru Co., LLC*, No. 6:19-cv-1783-CEM-LHP, 2022 WL 2317459, at *6 (M.D. Fla. Apr. 7, 2022) (report and recommendation

14

adopted, No. 6:19-cv-1783-CEM-LHP, 2022 WL 2802945 (M.D. Fla. July 18, 2022)). Second, Plaintiff's minimum wages are improperly calculated based on the Florida minimum wage rate of $8.56 per hour, rather than the federal minimum wage rate of $7.25. *See* 29 U.S.C. § 206(a)(1)(c) (establishing $7.25 per hour as the federal minimum wage); *see also Alvarado v. Robo Enters., Inc.*, No. 6:15-cv-1420-Orl-40KRS, 2016 WL 11566330, at *7 n.10 (M.D. Fla. Jan. 6, 2016) (report and recommendation adopted, 2016 WL 11566331 (M.D. Fla. June 2, 2016)) ("State minimum wage requirements are not incorporated into the FLSA's minimum wage law."); *Miller v. Asset Managing Grp., Inc.*, No. 3:11-cv-1016-J-34MCR, 2012 WL 13136857, at *8 & n.6 (M.D. Fla. June 21, 2012) (and cases cited therein) (report and recommendation adopted, 2012 WL 13136856 (M.D. Fla. Dec. 10, 2012)).

Therefore, the undersigned recommends that Plaintiff's minimum wages in Count I be calculated as follows: 40 hours per week x $7.25 per hour = $290.00 per week x 3 weeks = $870.00. Further, the undersigned recommends that Plaintiff's overtime wages in Count II be calculated as follows: 10 hours per week x $22.50 per hour (1.5 times the regular hourly rate of $15.00) = $225.00 per week x 7 weeks = $1,575.00.

Plaintiff also requests liquidated damages on his minimum wage and overtime claims. (Doc. 26-1 at ¶¶ 6-7.) Because Plaintiff is entitled to such damages, *see* 29 U.S.C. § 216(b), the undersigned recommends that Plaintiff

15

be awarded damages as follows: $870.00 for minimum wages and $870.00 for liquidated damages; $1,575.00 for overtime wages and $1,575.00 for liquidated damages.

### 2. Retaliatory Discharge Damages[4]

Plaintiff contends that after he was terminated, he was unemployed for approximately two (2) weeks. (*See* Doc. 26-1 at ¶ 9.) Therefore, Plaintiff seeks to recover damages on his retaliation claim for those two weeks of unemployment. These damages are calculated as follows: regular wages (40 hours per week x $15.00 per hour = $600.00 x 2 weeks = $1,200.00) + overtime wages (10 hours per week x $22.50 per hour = $225.00 x 2 weeks = $450.00) = total retaliatory damages of $1,650.00 ($1,200.00 + $450.00).

By its failure to appear in this case, Defendant has failed to refute Plaintiff's retaliation claim. As such, the undersigned recommends that Plaintiff be awarded damages on his retaliation claim in the amount of $1,650.00. *See Vaccara v. Custom Sounds, Inc.*, No. 3:08-cv-776-J-32JRK, 2010 WL 1223907, at *4 (M.D. Fla. Mar. 4, 2010) ("Courts have 'broad equitable powers' which can include 'awarding lost wages' for violations of the

---

[4] Notably, Plaintiff's Amended Motion does not request damages on his FMWA claim or liquidated damages on his FLSA retaliation claim.

16

FLSA.'" (quoting *Brock v. Casey Truck Sales, Inc.*, 839 F.2d 872, 880 (2d Cir. 1988))).[5]

### D.     Costs

The FLSA mandates that in any action brought by an employee to enforce Sections 206 or 207 of the Act, the Court shall "in addition to any judgment awarded to the plaintiff or plaintiffs, allow . . . costs of the action." 29 U.S.C. § 216(b).  In FLSA cases, courts may award those costs permitted by 28 U.S.C. § 1920.  *See Glenn v. Gen. Motors Corp.,* 841 F.2d 1567, 1575 (11th Cir. 1988) ("[N]othing in the legislative history associated with Section 216(b)'s passage suggests that Congress intended the term 'costs of the action' to differ from those costs as now enumerated in 28 U.S.C.A. § 1920.").

Counsel for Plaintiff submits records demonstrating costs incurred for: (1) court filing fee ($402.00); (2) fax expenses ($5.00); (3) service of process fee ($56.50); and (4) postage expenses ($8.73).  (Doc. 26-2.)  The docket reflects that the filing fee was paid, and Plaintiff is entitled to its recovery.  *See* 28 U.S.C. § 1920(1); *see also Fam. Oriented Cmty. United Strong, Inc. v. Lockheed Martin Corp.*, No. 8:11-cv-217-T-30AEP, 2012 WL 6575348, at *1

---

[5] Calculations of retaliatory discharge damages are not subject to federal minimum wage caps; rather, these damages are determined based on plaintiff's actual hourly rate.  *See Bosmeniel v. T.S.W. Residential & Com. Servs., Inc.*, No. 823CV00714CEHTGW, 2023 WL 7411542, at *6 (M.D. Fla. Oct. 27, 2023) (granting a motion for default judgment and awarding retaliation damages based on plaintiff's hourly rate).

17

(M.D. Fla. Dec. 17, 2012) ("Fees of the clerk and marshal include filing fees and are clearly taxable.") (citations omitted).  The same is true for the service of process fee.  *See Evans v. Berman*, No. 308CV00565J25JRK, 2010 WL 11508046, at *1 (M.D. Fla. Mar. 19, 2010).  However, fax and postage expenses should be disallowed as not recoverable under the statute.  *See* 28 U.S.C. § 1920.  Thus, the undersigned recommends that Plaintiff be awarded costs in the total amount of $458.50.

### IV. Conclusion

Based on the foregoing, the undersigned recommends that Plaintiff be awarded damages for minimum wages in the amount of $870.00 and an equal amount of liquidated damages ($870.00), overtime wages in the amount of $1,575.00 and an equal amount of liquidated damages ($1,575.00), retaliation damages in the amount of $1,650.00, and costs in the amount of $458.50.

Accordingly, it is **RECOMMENDED**:

    1.    The Amended Motion (**Doc. 26**) be **GRANTED as stated herein**.

    2.    The Clerk of Court be directed to **ENTER** a default judgment in favor of Plaintiff and against K&D Framing and Drywall Corp., in the total amount of $6,998.50, allocated as follows:

- $1,740.00 on the minimum wage claim (Count I), inclusive of liquidated damages;

18

- $3,150.00 on the overtime claim (Count II), inclusive of liquidated damages;

- $1,650.00 on the FLSA retaliation claim (Count III), and

- $458.50 in costs.

3. The Clerk of Court be directed to close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on February 7, 2024.

*[signature]*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Hon. Marcia Morales Howard
U.S. District Judge

Counsel of Record

Defendant's Registered Agent:
Taxsmart Accounting Services LLC
6653 Powers Avenue STE 136,
Jacksonville, FL

Defendant's last known place of business:
K & D Framing and Drywall Corp.
12070 Stirrup Court
Jacksonville, FL 32246

19